UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

STEPHEN ERIC MAXWELL and all
others similarly situated under 29 USC
216(b),

    Plaintiff,

vs.

GRANDE PIZZA CO.,
SALVATORE AMICO
AND JOSEPH M. LAY

    Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, STEPHEN ERIC MAXWELL, by and through his undersigned attorney, and hereby sues Defendants, GRANDE PIZZA CO., a Florida Limited Liability company, and SALVATORE AMICO, individually, and JOSEPH M. LAY individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant Grande Pizza Co. is a Florida corporation which regularly conducted business in Broward County, Florida by operating a restaurant within Broward County, Florida.

6. Grande Pizza Co., is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Grande Pizza Co. operated as an organization which has two or more employees who on a regular and consistent basis, sell and/or market and/or handle goods and/or materials such as cheese, meat, flour and other ingredients that originated outside the state of Florida, to customers within the state of Florida.

7. Upon information and belief, the annual gross revenue of Grande Pizza Co. was at all times material hereto in excess of $500,000.00 per annum. Grande Pizza Co. had gross annual revenue in excess of $500,000, for the years 2016 and is expected to have gross sales or business done in excess of $125,000 for the first three months of the calendar year of 2017.

8. The combined gross sales and/or business done for GRANDE PIZZA CO, GRANDE PIZZA CO. #2, GRANDE PIZZA 3 LLC, GRANDE PIZZA 4 LLC, GRANDE PIZZA #5 LLC, GRANDE PIZZA 7 LLC. exceeded $500,000 for the year 2016 and is expected to exceed $125,000 for the first three months of the calendar year 2017.

9. Upon information and belief GRANDE PIZZA CO, GRANDE PIZZA CO. #2, GRANDE PIZZA 3 LLC, GRANDE PIZZA 4 LLC, GRANDE PIZZA #5 LLC, GRANDE PIZZA 7 LLC, are involved in a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between these Companies, performed through unified operation and/or common control through the management and ownership of SALVATORE AMICO and JOSEPH M. LAY, are done for a common business purpose.

10. By reason of the foregoing, Grande Pizza Co. is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

11. The individual Defendant, SALVATORE AMICO, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant SALVATORE AMICO controlled the purse strings for the corporate Defendant. Defendant SALVATORE AMICO hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

12. The individual Defendant, JOSEPH M. LAY, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant JOSEPH M. LAY controlled the purse strings for the corporate Defendant. Defendant JOSEPH M. LAY hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## Vehicle Expenses

13. Defendants requires its delivery driver to maintain and pay for his own safe, legally-operable, and insured automobile, which the Plaintiff is required to use when performing the duties of a delivery driver.

14. Defendants' drivers are required to incur costs of gasoline, vehicle parts and fluids, automobile repair and maintenance services, elevated automobile insurance, and depreciation of their vehicle while delivering food and beverages for the primary benefit of the Defendants.

15. The IRS sets forth a business mileage reimbursement rate. In 2016, the mileage rate was 54 cents per mile. In 2017, the mileage rate decreased to 53.5 cents per mile. The IRS mileage rates represent a reasonable approximation of the monetary average per mile, that is lower than the actual costs incurred by the Plaintiff. Delivery drivers incur higher expenses than a typical business driver, because he is required to drive significantly more miles on a daily basis. As a result, Plaintiff is subjected to more frequent routine maintenance costs, higher costs of repairs, lower gas mileage due to 'stop and go' city driving, and more rapid depreciation to his vehicle.

16. Plaintiff incurred out-of-pocket vehicular in excess of 53.5 cents per mile, while deliveries for the benefit of the Defendants. Since the Plaintiff was paid below minimum wage, the vehicle reimbursement expenses further reduced Plaintiff's wages significantly below the minimum wage.

17. Defendants have failed to reimburse Plaintiff for his vehicle expenses and/or otherwise pay him a reasonable mileage rate. For the reasons set forth above, the IRS mileage rate is a reasonable approximation of the vehicle expenses that Plaintiff incurred.

**COUNT I. CLAIM FOR FLSA MINIMUM WAGES**

18. Plaintiff re-alleges and re-avers paragraphs 1 through 17 as fully set forth herein.

19. Plaintiff was employed by the Defendants as a delivery driver from the period of January 1, 2017 through January 31, 2017 when he was terminated.

20. During this period Plaintiff was paid $5.00 per hour and worked approximately 22 hours per week. Plaintiff's wage was further reduced by incurring vehicle expenses by driving approximately an average of 320 miles a week for Defendants. *Supra*.

21. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each hour worked. Defendants failed to pay minimum wages to the Plaintiff. Defendants failed to inform Plaintiff of the requirements to pay the correct minimum wage.

22. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Furthermore, Defendants have been sued numerous times in the last 4 years for failing to properly pay their employee wages under the Fair Labor Standards Act. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not

recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

## COUNT II
## UNLAWFUL RETALIATION

24. Plaintiff re-alleges and re-avers paragraph 1 through 17 as fully set herein.

25. On or about the early morning of January 31, 2017, Plaintiff complained to the manager of Defendant, Grade Pizza Co., that he was not being paid the proper minimum wage as he was only being paid $5/hr. and not being reimbursed for the gas mileage as is customary in the industry.

26. Later on the same day that Plaintiff voiced his complaint, January 31, 2017, Defendants unlawfully terminated Plaintiff's employment as a result of Plaintiff's complaint.

27. Plaintiff's complaint is the causal connection for Defendants terminating the Plaintiff. Accordingly, Plaintiff would not have been discharged but for Plaintiff's complaint.

28. The Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for complaining about not being paid the proper minimum wage.

29. By reason of the foregoing acts of the Employer, Plaintiff has suffered damages, including, lost income, benefits and employer contributions. Plaintiff is entitled to recover liquidated damages (double damages) pursuant to the Statute.

30. Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants for their violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, emotional distress damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: February 9, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561